THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. NATIVIDAD CRUZ RIVERA, known as VALDÍN, Defendant and Appellant.

No. CR-63-2.        Decided May 9, 1963.

*Guillermo S. Pierluissi* for appellant. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Appellant Natividad Cruz Rivera assigns the commission of two errors in the petition for appeal filed against the sentence of 10 days in jail imposed for a violation of § 5-801 of the Vehicle and Traffic Law of Puerto Rico, 9 L.P.R.A. § 1041.

██ 1. The first assignment challenges the trial court's refusal to order the dismissal of the case on the ground that

he was not brought to trial within the period of 120 days prescribed by § 448 of the Code of Criminal Procedure, 34 L.P.R.A. § 1631. This cause commenced with the filing of the information on November 3, 1960. The hearing was set on different occasions and postponed some times on motion of the defense and others at the request of the district attorney,[1] until the trial was finally held on August 28, 1962. After hearing the testimony of Dr. Ramón Luis Allende, the physician who collected the blood sample and explained to the satisfaction of the court the reasons for his failure to appear at the hearings set for June 13 and August 10, 1962, the court ruled that there was just cause for the postponements. We cannot disturb this ruling of the court because the testimony of this witness was essential, The People was diligent in procuring his summons, and the reasons adduced by said witness justified his nonappearance, *People* v. *Pérez*, 83 P.R.R. 357 (1961), and also the matter rested in the discretion of the trial court, *Valentín* v. *Super. Ct.*, 86 P.R.R. 449 (1962); *People* v. *Garay*, 64 P.R.R. 101 (1944).

■ 2. Appellant alleges that the trial court erred in not admitting in evidence the result of the verification analysis

---

[1] An examination of the original record reveals the course of the case as follows: 1) set for February 28, 1961—postponed on motion of the district attorney because of the absence of the witness, Dr. Ramón Luis Allende; 2) set for March 16, 1961—a motion to dismiss made by defendant was denied, an amendment to the information was permitted in order to allege that defendant was operating the vehicle on a public highway, and on motion of defendant the hearing is continued in order to give him an opportunity to file a petition for certiorari to review these rulings (the petition for certiorari was filed in this Court under No. 2829 and the issuance of the writ was denied on May 22, 1961); 3) set for January 30, 1962—postponed on motion of defense attorney who was attending a hearing before another section of the Court of First Instance; 4) set for March 15, 1962—postponed, after defendant waived his right to speedy trial, because of his illness; 5) set for April 25, 1962—postponed as a result of the granting of a motion by the defense to order a verification analysis of the third blood sample taken of defendant; 6) set for June 13, 1962—postponed because of the nonappearance of the prosecution witness, Dr. Ramón L. Allende; 7) set for August 10, 1962—postponed to August 28 when the hearing was held.

of the third sample which was kept in the Department of Health. He is not right. In the motion seeking an order to that effect he expressly alleged that "he lost the container which was delivered to him containing a blood sample," and this was confirmed by his attorney in the course of the trial (T.E. p. 47). According to subd. (f) of § 5-803 of the Vehicle and Traffic Law, 9 L.P.R.A. § 1043(f),[2] the blood sample taken from the driver is divided into three portions: one is delivered to the person arrested "so that he may have it analyzed by a chemist of his choice, and the other two samples are kept for the use of the Department of Health, one to be used in the chemical analysis required by law and the other *"to be kept for analysis only by direction of the court in case of discrepancy between the official analysis and the analysis privately made by order of the defendant."* We cannot agree that defendant should be given an opportunity of a second analysis whenever the existence of discrepancy of the analyses has not been established; his mere allegation that he lost the sample which was delivered to him at the time it was taken is not sufficient.

On the other hand, this action of the court was not prejudicial since the uncontroverted evidence—appellant submitted the case without the presentation of evidence—is sufficient to support the conviction. Police officer Felipe Rivera testified that defendant was driving a jitney along a public highway of Río Grande making zigzags; then as he passed a police car he collided with it; that they chased him and that when defendant got out of the jitney he could not hold himself up; he smelled of liquor and he admitted that he had a couple of drinks (T.E. p. 18). This testimony, believed by the judge who took cognizance of the case, establishes the commission of the offense. *People* v. *Gregory*, per curiam decided March 21, 1963; *People* v. *Soto*, 87 P.R.R. 653

---

[2] See § 7 of the Regulations on Chemical Analyses, 9 R.&R.P.R. § 1043-7.

(1963); *People* v. *Monroig,* 87 P.R.R. 622 (1963); *People* v. *Comas,* 87 P.R.R. 640 (1963); *People* v. *Riego,* 87 P.R.R. 554 (1963); *People* v. *Quiles,* 87 P.R.R. 464 (1963); *People* v. *Echevarría,* 87 P.R.R. 196 (1963); *People* v. *Luccioni,* 86 P.R.R. 523 (1962); *People* v. *Ordein,* 86 P.R.R. 458 (1962); *People* v. *Cabrera,* 84 P.R.R. 94 (1961). *Cf. People* v. *Hernández,* 86 P.R.R. 753 (1962); and *People* v. *Rivera,* 87 P.R.R. 310 (1963).

The judgment rendered by the Superior Court, San Juan Part, on August 31, 1962 will be affirmed.